STATE OF NEBRASKA, APPELLEE, v. BRENT WILLIAM WIITALA, APPELLANT.

223 N. W. 2d 841

Filed December 12, 1974. No. 39536.

David Herzog, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The only issue presented by this case is the excessiveness of the sentence by the District Court of the defendant to the minimum term of 1 year imprisonment for the offense of unlawful possession of marijuana with intent to distribute, deliver, or dispense. We find no abuse of discretion by the District Court in imposing the sentence that it did and therefore affirm the judgment and sentence of the District Court.

The defendant was convicted by a jury of the crime charged. The record reveals the evidence is so overwhelmingly persuasive that the defendant's counsel in this court contends the defendant should have pleaded guilty in District Court. It is not contended there are any mitigating circumstances or doubt about the guilt of the defendant.

The court was furnished with a comprehensive presentence investigation report pursuant to the statute.

The record leads itself to an inference of an extensive and continuous involvement in the drug traffic. The defendant was selling marijuana that had a Mexican or Acapulco origin. The record of his conversations with the undercover agent reveals an emphasis upon the high quality of the marijuana he was selling. At one point he advised the undercover agent that he had several pounds of marijuana available and wanted about $200 per pound. In connection with the negotiations the evidence reveals involvement with several other parties in a common enterprise. The trial court undoubtedly came to the conclusion, as we do, that the defendant was engaged continuously or consecutively in the business of making a living or profit off the sale of controlled substances. In his residence was found one large silver suitcase containing twelve baggies of suspected marijuana, a separate box of baggies, a large baggie of marijuana stems, one plastic hashish pipe with a mask and pipe fittings, a rolled marijuana cigarette, three packages of cigarette papers, two pipes, a box of cokesnuff in a matchbox, three baggies wrapped in a rubber band, one baggie that contained eleven small baggies of marijuana, a cigarette case containing marijuana, and a picture depicting the defendant smoking a hashish pipe. There is further detailed evidence in the presentence investigation report, and the record that confirms the conclusion, the defendant was no transitory or episodic conveyor of drugs, but was engaged calculatedly and designedly in a concerted en-

terprise with other people in the sale of drugs in Omaha, Nebraska.

In light of this situation the defendant's contention seems to be that the trial court abused its discretion in not granting probation to the defendant because the probation officer in the presentence investigation report made such a recommendation. The fact is that the probation officer stated: "I would recommend probation and a fine if the defendant would have pled guilty." The record reveals that the District Court did not disregard the feeling, opinion, or conclusion of the probation officer. It reveals affirmatively that it did read and consider the investigation. The trial court specifically found that it did consider the presentence investigation report and, after discussion, determined the conclusion reached by the writer of the presentence investigation report was not supported by the facts. We point out that the trial court had before it the defendant and was aided by a full familiarity with the facts as adduced in the trial before the jury and its observation of the defendant, together with all the facts as brought out by the presentence investigation report. Contrary to the contention of the defendant, the court is not and should not be bound by the conclusion of a probation officer. Such a holding, directly or impliedly, would amount to an unconstitutional and an illegal delegation of the sentencing power by the trial judge. The sentence of the court shows that the court affirmatively considered the age and the personal history of the defendant and the needs of the defendant and the duty of the criminal justice system to protect society. We are not met in this case with the usual argument that the defendant is entitled to probation because the offense committed was a "victimless" crime. Considering all the facts and the circumstances involved in this particular offense the trial court undoubtedly came to the conclusion that it was inappropriate when applied to the defendant who was at-

tempting to harm others by supplying illicit drugs. On the other hand the imposition of the minimum sentence shows a fair and impartial consideration of the other factors of age and the defendant's record which militated in his favor. The District Court's decision to impose the *minimum sentence* provided by statute was reached fairly, impartially, and with due deliberation, and we can find no abuse of discretion in the imposition of the sentence that it did.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.